**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Jeff Warwas, Civil No. 00-2010 (DWF/AJB)

Plaintiff,

v.

**MEMORANDUM OPINION AND ORDER**

Jos. A. Bank Clothiers, Inc.,

Defendant.

---

Stephen C. Fiebiger, Esq., Fiebiger Law Office, 2500 County Road 42 West, Burnsville, Minnesota 55337, appeared on behalf of the Plaintiff.

Patrick Pilachowski, Esq., Shawe & Rosenthal, 20 South Charles Street, 11th Floor, Baltimore, Maryland 21201, and Gregory L. Peters, Esq., Burk & Seaton, 7301 Ohms Lane, Suite 320, Edina, Minnesota 55439, appeared on behalf of the Defendant.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on May 11, 2001, pursuant to Defendant's Partial Motion to Dismiss, or in the alternative, for Partial Summary Judgment. Plaintiff Jeff Warwas alleges in his Complaint that Defendant violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, by a failure to accommodate, disability harassment, retaliation, and termination. Defendant Jos. A. Bank Clothiers, Inc. ("Jos. A. Bank") now moves to dismiss Plaintiff's claims of disability

FILED MAY 29 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

harassment and retaliation for failure to exhaust his administrative remedies. For the reasons outlined below, Defendant's motion is granted.

**Background**

Defendant Jos. A. Bank operates retail clothing stores across the nation. From July 15, 1996, through November 9, 1998, Plaintiff Warwas worked as the store manager at Defendant's location in Edina, Minnesota. During this time, the store that Mr. Warwas managed underwent relocation, and the circumstances and activity surrounding the move gave rise to Mr. Warwas' claims of disability discrimination. On November 9, 1998, Mr. Warwas was terminated from his employment.

Mr. Warwas filed a Charge of Discrimination with the Minnesota Department of Human Rights ("MDHR") on April 19, 1999.[1] In his Charge, Mr. Warwas explained his alleged disability as back problems resulting from a car accident in 1992. He went on to describe the alleged discrimination in his own words and stated in pertinent part that: "I believe that my disability was a factor in Respondent's decision to terminate my employment, and that Respondent failed to reasonably accommodate my disability."

On April 15, 1999, an affidavit was sent in support of Plaintiff's Charge to MDHR from Debbie Wheeler, a former employee of Jos. A. Bank. Based on her observation while working with Mr. Warwas at the Edina store, Ms. Wheeler stated that Mr. Warwas was required to do significant physical tasks in preparation for the store's relocation, and that such activities appeared to leave Mr. Warwas extremely tired and in pain. With no explanation of authority, Ms. Wheeler stated that such tasks were "not normally or regularly required to be performed by

---

[1] A corresponding EEOC charge was filed on June 8, 1999.

other employees." Also in support of his Charge, Mr. Warwas completed an "Employment Discrimination Questionnaire" that stated in pertinent part that: "The adverse action and treatment Mr. Warwas experienced came in the form of denying Mr. Warwas' reasonable accommodations and subsequent termination of his job."

On February 28, 2000, MDHR issued an order finding no probable cause with respect to Plaintiff's Charge. In its attached Memorandum, MDHR explained its order and discussed only two charges, the failure to accommodate and unjust termination.

On March 10, 2000, Mr. Warwas appealed MDHR's decision, identifying numerous pieces of evidence as support of his initial claims. On April 25, 2000, the appeal was denied and the Charge was dismissed.

Plaintiff's Complaint before this Court alleges disability discrimination in the form of failure to accommodate, harassment, retaliation, and termination. Defendant's current motion seeks to dismiss Plaintiff's claims of harassment and retaliation for failure to exhaust available administrative remedies.

## Discussion

### 1. Standard of Review

Defendant's motion is brought in the alternative as either a motion to dismiss or a motion for summary judgment. Given the Court's consideration of the documents filed with the parties' submissions, particularly those documents filed in connection with the claims to the administrative agencies, the Court will treat the motion as one for summary judgment.

Summary judgment is proper if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence and the inferences which may be reasonably drawn from the evidence in the

light most favorable to the nonmoving party. *Enterprise Bank v. Magna Bank of Missouri*, 92 F.3d 743, 747 (8th Cir. 1996). However, as the Supreme Court has stated, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to 'secure the just, speedy, and inexpensive determination of every action.'" Fed. R. Civ. P. 1. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

The moving party bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Enterprise Bank*, 92 F.3d at 747. The nonmoving party must demonstrate the existence of specific facts in the record which create a genuine issue for trial. *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986); *Krenik*, 47 F.3d at 957.

**2. Issues**

Under the ADA, an administrative charge of discrimination is a prerequisite for bringing a lawsuit. *See* 42 U.S.C. § 12117(a) (providing that claims under the ADA are subject to procedures set forth in 42 U.S.C. § 2000e-5 which include exhaustion of administrative remedies before a lawsuit may be brought). *See also Love v. Pullman Co.*, 404 U.S. 522, 523 (1972) ("A person claiming to be aggrieved by a violation of Title VII of the Civil Rights Act of 1964, . . . [42 U.S.C. §§ 2000*e*, *et seq*.], may not maintain a suit for redress in federal district court until he has first unsuccessfully pursued certain avenues of potential administrative relief."). Such exhaustion is required because "it provides the [agency] the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and

promoting conciliatory efforts." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994) (citing *Patterson v. McLean Credit Union*, 491 U.S. 164, 180-81 (1989)). In addition, administrative exhaustion serves to provide fair notice of the charges against a certain party. *Id.* at 223 (citing *Babrocky v. Jewel Food Co. & Retail Meatcutters*, 773 F.2d 857, 863 (7th Cir. 1985)).

The Eighth Circuit has enforced these principles by requiring that the scope of an ADA lawsuit reflect the claims that were set forth before the administrative agency(ies). That is not to say that a court's analysis should be so stringent so as to defeat the remedial purposes of the ADA. Rather, a Plaintiff may seek relief from a court for discrimination that "grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000).

In *Wallin v. Minnesota Dept. of Corr.*, the Eighth Circuit held that a plaintiff's retaliation claim was properly dismissed on summary judgment because he had not alleged the retaliation claim in his administrative charge, it did not grow out of the charge, and the retaliation arose from the same set of circumstances as his other remaining claims. 153 F.3d 681, 688-89 (8th Cir. 1998), *cert. denied,* 526 U.S. 1004 (1999). *See also Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999) (affirming dismissal of claims of retaliation and discrimination during the course of employment for lack of assertion in EEOC charge); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1183-84 (8th Cir. 1998) (affirming dismissal of claim of retaliation and discrimination based on theory different from that alleged in EEOC charge). In *Kells*, the Circuit affirmed the dismissal of a plaintiff's harassment claim because, in addition to not specifically referencing the claim in his administrative charge, plaintiff failed to allege circumstances to which a harassment claim would be reasonably related. 210 F.3d at 836-37.

In the instant case, it is clear on their face that Plaintiff's administrative charges do not allege specific claims of retaliation or harassment. Indeed, Plaintiff specifically identifies the claims of failure to accommodate and wrongful termination as the violations for which his descriptions lend support. Moreover, in the MDHR Memorandum there is no specific mention of harassment or retaliation claims, and Plaintiff makes no attempt to assert such claims even upon appeal. On its face, Plaintiff's Complaint exceeds the scope established by his administrative charge.

To the extent that Plaintiff is arguing that claims of harassment and retaliation are "reasonably related" to the circumstances set forth in his administrative claims, the Court also finds no evidence from which such claims could be reasonably derived. While certainly not determinative, it is of note that MDHR did not read Plaintiff's charge to assert claims of harassment or retaliation. Plaintiff's argue that because: (1) claims of harassment and retaliation are often raised in conjunction with other discrimination claims and (2) all discrimination is protected against under the same statutory provisions, then it should be concluded that his current claims are reasonably related to his administrative charge. This argument is wholly insufficient. Plaintiff must provide more, either by name or by descriptive circumstance, to both the MDHR and the Defendant so that all claims properly at issue may be investigated and resolved. Nonetheless, even under a liberal construction, the Court does not read Plaintiff's administrative charge to substantively or implicitly express claims of harassment or retaliation.

Alternatively, the Court finds no evidence or even an allegation that the alleged harassment or retaliation occurred subsequent to the filing of Plaintiff's administrative claims. All of Plaintiff's claims arose from the same set of circumstances that were known to Plaintiff at the time he filed his administrative charge. While a Plaintiff is certainly not precluded from

asserting claims that arise during the process of seeking relief, *i.e.*, retaliation for filing a charge, it is not permissible for the same Plaintiff to continue to craft claims out of the same set of circumstances that gave rise to his original administrative charge.

In conclusion, the Court finds no evidence that claims of harassment and retaliation were made, either explicitly or implicitly, and to allow them to be brought at this time would surely circumscribe both the agency's role and the Defendant's right to fair notice. Thus, the Court declines to do so and grants Defendant's motion in its entirety.

For the reasons stated, **IT IS HEREBY ORDERED** THAT:

1. Defendant's Motion to Dismiss, or in the alternative, for Summary Judgment (Doc. No. 9) is **GRANTED**; and

2. Count I is **DISMISSED WITH PREJUDICE** to the extent that it alleges claims of disability harassment and retaliation. Count I remains, however, with respect to Plaintiff's allegations of failure to accommodate and wrongful termination.

Dated: May 29, 2001

DONOVAN W. FRANK
Judge of United States District Court